IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:19-CV-55-D

| | | |
|---|---|---|
| HALIFAX LINEN SERVICE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TIDELIFE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

On March 4, 2019, Halifax Linen Service, Inc. ("Halifax Linen" or "plaintiff") filed a complaint in Halifax County Superior Court against Tidelife, LLC d/b/a Tidelife Vacation Rentals ("Tidelife" or "defendant") alleging breach of contract [D.E. 1-1]. On April 10, 2019, Tidelife removed the action to this court [D.E. 1]. On April 17, 2019, Tidelife moved to dismiss Halifax Linen's complaint [D.E. 7] and filed a memorandum in support [D.E. 8]. On April 24, 2019, Halifax Linen moved to remand the action to the Halifax County Superior Court [D.E. 12] and filed a memorandum in support [D.E. 13]. On May 15, 2019, Tidelife responded in opposition [D.E. 16]. On May 29, 2019, Halifax Linen replied [D.E. 17]. On April 25, 2019, the court extended the time by which Halifax Linen may respond to Tidelife's motion to dismiss until ten days after the court rules on Halifax Linen's motion to remand [D.E. 15]. As explained below, the court denies Halifax Linen's motion to remand.

I.

Halifax Linen operates a garment and linen rental and cleaning business in Halifax County, North Carolina. See [D.E. 8] 1. Tidelife "is a small, family-owned business that owns and operates

vacation rental properties" in Pawleys Island, South Carolina. Id. On August 28, 2018, Halifax Linen entered into a 36-month contract with Tidelife. See Compl. [D.E. 1-1] ¶¶ 6, 10; Ex. A [D.E. 1-1] 6–9. Halifax Linen agreed to provide goods and services for Tidelife, including "rental and cleaning of various linen products and other goods and rental items." Compl. [D.E. 1-1] ¶ 6. The contract specified that Tidelife would pay weekly base charges that "serve[d] as minimum billing requirements and function[ed] independent of actual usage." Id. ¶ 7; see Ex. A [D.E. 1-1] ¶ 6. The contract also specified the consequences of failing to timely pay and provided for liquidated damages if Tidelife breached. See Compl. [D.E. 1-1] ¶¶ 8, 13; Ex. A [D.E. 1-1] ¶¶ 6, 9. Finally, the contract contained choice-of-law and forum-selection clauses:

> This Agreement shall be in effect when signed by [Tidelife] and shall be governed by and interpreted and performed in accordance with the laws of the State of North Carolina, without consideration of choice of law rules. Venue for any action arising out of the Agreement shall be in the General Court of Justice in Halifax County, North Carolina.

Ex. A [D.E. 1-1] ¶ 15.

Halifax Linen alleges that it provided goods and services under the terms of the contract to Tidelife. See Compl. [D.E. 1-1] ¶ 9. Halifax Linen alleges that Tidelife, however, "failed to pay outstanding invoices" due under the terms of the contract. Id. ¶ 11. On October 29, 2018, Halifax Linen alleges that Tidelife "gave verbal notice of its intent to terminate" the contract. Id. ¶ 12. At the time, 154 weeks remained on the contract. See id. ¶ 15. Halifax Linen claims that Tidelife owes it $283,772.72 under the contract. See id. ¶¶ 13, 15.[1]

---

[1] The contract specifies that, due to the unique nature of the goods and services that Halifax Linen provides, a breaching customer is liable for liquidated damages. See Ex. A [D.E. 1-1] ¶ 9. The contract defines liquidated damages as "(1) one-half of the termination charge for the balance of the term" of the contract; "(2) the loss charge for any uniform or articles not returned to [Halifax Linen] or that are returned mutilated, abused, or destroyed; and (3) all costs, including reasonable attorney's fees, incurred by [Halifax Linen] in enforcing its rights hereunder." Id. The contract

2

On April 10, 2019, Tidelife removed the action to this court under 28 U.S.C. §§ 1332, 1441, 1446 [D.E. 1]. On April 24, 2019, Halifax Linen moved to remand the case to Halifax County Superior Court based on the forum-selection clause and pursuant to 28 U.S.C. § 1447(c) [D.E. 12].

II.

Halifax Linen argues that, because the contract between Halifax Linen and Tidelife contains a forum-selection clause, Tidelife waived the right to remove this case to federal court under 28 U.S.C. § 1441. See [D.E. 13] 2–6. Tidelife responds that the forum-selection clause is permissive, not mandatory, under North Carolina law. Thus, Tidelife argues that it did not waive its right to remove this action. See [D.E. 16] 5–7.

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility LLC, 530 F.3d 293, 296 (4th Cir. 2008); see, e.g., Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Vick v. Nash Hosps., Inc., 756 F. Supp. 2d 690, 692 (E.D.N.C. 2010). "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant" to the district court "for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see, e.g., Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005). Federal courts "construe removal statutes narrowly," and any "doubts concerning removal [are]

---

defines "termination charge" as the average of the weekly service charges for the preceding thirteen weeks or the initial weekly service fee if thirteen weeks have not passed. See id. The initial weekly service fee was $3,155.85 and did not change during the duration of the contract. See id. at 6–7.

The first element of liquidated damages, one-half of the initial weekly service fee ($1,577.92) times the remaining weeks (154), is $242,999.68. See Compl. [D.E. 1-1] ¶ 15. Halifax Linen also alleges that Tidelife failed to return inventory worth $36,609.10 and still has a receivables balance of $4,163.94. See id. ¶ 16. With interest, Halifax Linen alleges that its damages are $283,772.72. See id. ¶ 17; Ex. A [D.E. 1-1] ¶ 6(3).

resolved in favor of state court jurisdiction." Barbour v. Int'l Union, 640 F.3d 599, 613 (4th Cir. 2011), abrogated on other grounds by 28 U.S.C. § 1446(b)(2)(B). The party who removed the action must establish federal subject-matter jurisdiction. See Hoschar v. Appalachian Power Co., 739 F.3d 163, 169 (4th Cir. 2014); Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, the court must strictly construe removal jurisdiction, and resolve all doubts in favor of remand." Korzinski v. Jackson, 326 F. Supp. 2d 704, 706 (E.D.N.C. 2004); see Mulcahey, 29 F.3d at 151.

"A defendant may waive its right to remove an action to federal court via a valid and enforceable forum-selection clause that mandates a state court as the forum for a case." Abbington SPE, LLC v. U.S. Bank, Nat'l Ass'n, 352 F. Supp. 3d 508, 514 (E.D.N.C. 2016) (quotation omitted) (collecting cases), aff'd, 698 F. App'x 750 (4th Cir. 2017) (per curiam) (unpublished); see Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 674–75 (4th Cir. 2018); FindWhere Holdings, Inc. v. Sys. Env't Optimization, LLC, 626 F.3d 752, 754–56 (4th Cir. 2010); Basu v. Robson Woese, Inc., No. 1:03CV98, 2003 WL 1937119, at *3 (M.D.N.C. Apr. 22, 2003) (unpublished); cf. Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex., 571 U.S. 49, 63 (2013). Where a contract contains both a choice-of-law and a forum-selection clause, courts distinguish between the interpretation and the enforceability of the forum-selection clause. See Martinez v. Bloomberg LP, 740 F.3d 211, 217 (2d Cir. 2014). Federal law governs whether the forum-selection clause is enforceable. See id.

"As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so." BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 470 (4th Cir. 2018), cert. denied, 139 S. Ct. 209 (2018); see M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15–16 (1972); Martinez, 740 F.3d at 217. "This presumption of

enforceability, however, only applies if the forum selection clause is mandatory rather than permissive." BAE Sys., 884 F.3d at 470; see Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650–51 (4th Cir. 2010). "A mandatory clause requires litigation to occur in a specified forum; a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere." BAE Sys., 884 F.3d at 470; IntraComm, Inc. v. Bajaj, 492 F.3d 285, 290 (4th Cir. 2007).

"The body of law selected in an otherwise valid choice-of-law clause governs the interpretation of a forum-selection clause." Queen City Pastry, LLC v. Bakery Tech. Enters., LLC, No. 5:14-CV-143, 2015 WL 3932722, at *3 (W.D.N.C. June 26, 2015) (unpublished) (quotation omitted); see Collins v. Mary Kay, Inc., 874 F.3d 176, 181–83 (3d Cir. 2017); Martinez, 740 F.3d at 218–21; Vault, LLC v. Dell Inc., No. 1:18-CV-633, 2019 WL 113726, at *5 n.7 (M.D.N.C. Jan. 4, 2019) (unpublished); Generation Cos., LLC v. Holiday Hosp. Franchising, LLC, No. 5:15-CV-220-FL, 2015 WL 7306448, at *4 (E.D.N.C. Nov. 19, 2015) (unpublished). Thus, if a court has to decide whether a forum-selection clause is mandatory or permissive or whether a forum-selection clause encompasses the claims or parties involved in a certain action, a court applies "the law contractually selected by the parties." Martinez, 740 F.3d at 218. "Distinguishing between the enforceability and interpretation of forum selection clauses . . . accords with the traditional divide between procedural and substantive rules developed under Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938)." Id. at 220.

The parties agreed that the contract "shall be governed by and interpreted and performed in accordance with the laws of the State of North Carolina, without consideration of choice of law rules." Ex. A [D.E. 1-1] ¶ 15. Thus, the court analyzes North Carolina law to determine whether the forum-selection clause is mandatory or permissive. See Collins, 874 F.3d at 181–83; Martinez,

5

740 F.3d at 218–21; cf. BAE Sys., 884 F.3d at 471–72.

Forum-selection clauses are valid under North Carolina law. See Perkins v. CCH Computax, Inc., 333 N.C. 140, 146, 423 S.E.2d 780, 784 (1992), superseded by statute in part, N.C. Gen. Stat. § 22B-3. Under North Carolina law, "the terms of a contract are to be interpreted according to the expressed intent of the parties unless such intent is contrary to law." Offiss, Inc. v. First Union Nat'l Bank, 150 N.C. App. 356, 363, 562 S.E.2d 905, 910 (2002); see Lane v. Scarborough, 284 N.C. 407, 410–11, 200 S.E.2d 622, 624 (1973); Duke Power Co. v. Blue Ridge Elec. Membership Corp., 253 N.C. 596, 602, 117 S.E.2d 812, 816 (1961). "If the plain language of a contract is clear, the intention of the parties is inferred from the words of the contract." Walton v. City of Raleigh, 342 N.C. 879, 881, 467 S.E.2d 410, 411 (1996); see Cable Tel Servs., Inc. v. Overland Contracting, Inc., 154 N.C. App. 639, 642, 574 S.E.2d 31, 33 (2002). "When the parties use clear and unambiguous terms, such contracts can be interpreted by the court as a matter of law." Robertson v. Hartman, 90 N.C. App. 250, 252, 368 S.E.2d 199, 200 (1988).

"A forum selection provision designates a particular state or court as the jurisdiction in which the parties will litigate disputes arising out of the contract and their contractual relationship." Johnston Cty. v. R.N. Rouse & Co., 331 N.C. 88, 93, 414 S.E.2d 30, 33 (1992). Under North Carolina law, the "general rule is when a jurisdiction is specified in a provision of contract, the provision generally will not be enforced as a mandatory selection clause without some further language that indicates the parties' intent to make jurisdiction exclusive." Mark Grp. Int'l, Inc. v. Still, 151 N.C. App. 565, 568, 566 S.E.2d 160, 162 (2002); see Capital Bank, N.A. v. Cameron, 231 N.C. App. 326, 330, 753 S.E.2d 153, 156 (2013); R.H. Donnelley Inc. v. Embarq Corp., 228 N.C. App. 568, 749 S.E.2d 112, 2013 WL 4005261, at *3 (Aug. 6, 2013) (unpublished table decision); Cable Tel Servs., Inc., 154 N.C. App. at 644–45, 574 S.E.2d at 34–35; Scotland Mem'l Hosp., Inc.

v. Integrated Informatics, Inc., No. 1:02CV796, 2003 WL 151852, at *4 (M.D.N.C. Jan. 8, 2003) (unpublished). "Mandatory forum selection clauses recognized by [North Carolina] appellate courts have contained words such as 'exclusive' or 'sole' or 'only' which indicate that the contracting parties intended to make jurisdiction exclusive." Capital Bank, N.A., 231 N.C. App. at 330–31, 753 S.E.2d at 156 (quotation omitted); see Bryant v. AP Indus., 229 N.C. App. 196, 749 S.E.2d 112, 2013 WL 4460024, at *3 (Aug. 20, 2013) (unpublished table decision); R.H. Donnelley Inc., 2013 WL 4005261, at *3; Cable Tel Servs., Inc., 154 N.C. App. at 644, 574 S.E.2d at 34; Mark Grp. Int'l, Inc., 151 N.C. App. at 568, 566 S.E.2d at 162 (collecting cases); Scotland Mem'l Hosp., Inc., 2003 WL 151852, at *4. By contrast, courts applying North Carolina law have not interpreted the term "shall" as sufficient to create a mandatory forum-selection clause. See Se. Caissons, LLC v. Choate Constr. Co., 247 N.C. App. 104, 110, 784 S.E.2d 650, 654 (2016); R.H. Donnelley Inc., 2013 WL 4005261, at *3; Cable Tel Servs., Inc., 154 N.C. App. at 645, 574 S.E.2d at 34; Barrett v. USA Serv. Fin., LLC, No. 4:18-CV-155-FL, 2019 WL 1051177, at *11 (E.D.N.C. Mar. 5, 2019) (unpublished); Garrett v. MD Rehab, LLC, No. 3:16CV765, 2016 WL 7478975, at *1 (W.D.N.C. Dec. 29, 2016) (unpublished); cf. Akima Corp. v. Satellite Servs., Inc., 180 N.C. App. 690, 639 S.E.2d 142, 2006 WL 3719782, at *2–3 (Dec. 19, 2006) (unpublished table decision); Roth v. Penguin Toilets, LLC, No. 11 CVS 478, 2011 WL 5981002, at *6–7 (N.C. Super. Ct. Nov. 30, 2011) (unpublished).

As for the forum-selection clause at issue, it states that "[v]enue for any action arising out of the [contract] shall be in the General Court of Justice in Halifax County, North Carolina." Ex. A [D.E. 1-1] ¶ 15. Although North Carolina courts interpret the term "shall" in statutes to be "imperative or mandatory," State v. Johnson, 298 N.C. 355, 361, 259 S.E.2d 752, 757 (1979), courts applying North Carolina law generally have interpreted "shall" by itself to be insufficient to create a mandatory forum-selection clause. See, e.g., Capital Bank, N.A., 231 N.C. App. at 330–31, 753

7

S.E.2d at 156; Mark Grp. Int'l, Inc., 151 N.C. App. at 568, 566 S.E.2d at 162. Thus, that the forum-selection clause at issue states that venue "shall be" in Halifax County Superior Court does not make the clause mandatory under North Carolina law. Moreover, the forum-selection clause at issue in this case does not use any terms of exclusion such as "sole" or "exclusive," and a reference to a specific court alone does not convert a permissive forum-selection clause into a mandatory one. See Capital Bank, N.A., 231 N.C. App. at 330–31, 753 S.E.2d at 156; Mark Grp. Int'l, Inc., 151 N.C. App. at 568, 566 S.E.2d at 162; cf. BAE Sys., 884 F.3d at 472. Accordingly, the forum-selection clause is permissive, and the court denies Halifax Linen's motion to remand.

III.

In sum, the court DENIES plaintiff's motion to remand [D.E. 12].

SO ORDERED. This 2 day of July 2019.

JAMES C. DEVER III
United States District Judge